IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| David Keith Buff,<br><br>    Plaintiff,<br><br>-versus-<br><br>South Carolina Department of Corrections; Jon E. Ozmint, Director of South Carolina Department of Corrections; Current Unknown Director of South Carolina Department of Corrections; Elbert Pearson, Security Threat Group Coordinator; McKither Bodison, Warden; Wayne McCabe, Warden; Ralph Hunter, Associate Warden; Fred Thompson, Associate Warden; Eugene Skipper, Sergeant; Jamana Ravenell, Caseworker,<br><br>    Defendants. | C.A. No. 5:11-234-TLW-KDW<br><br><br>ORDER |

By Order filed July 24, 2012, this Court accepted the Report and Recommendation ("the Report") filed in this case by United States Magistrate Kaymani D. West, and, overruling plaintiff's objections, granted defendants' motion for summary judgment in its entirety and dismissed this matter. Thereafter, plaintiff filed a "motion to alter or amend the judgment." (Doc. # 73). The defendants filed a memorandum in opposition to plaintiff's motion to alter or amend judgment. (Doc. # 74).

Rule 59(e) of the Federal Rules of Civil Procedure provides that:

Any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment.

Although Rule 59(e) does not itself provide a standard under which a District Court may grant a motion to alter or amend a judgment, the Fourth Circuit Court of Appeals has recognized three

1

grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. American National Ins. Co., 148 F.3d 396 (4th Cir. 1998) *cert. denied*, 525 U.S. 1104 (1999). Thus, Rule 59(e) permits a District Court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Id. (citing Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Id. Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding. Id. (citing Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996)). In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. Id.

Based upon the undersigned's review of the record in this case, the undersigned concludes that no legally sufficient basis exists to alter or amend this Court's July 24, 2012 Order in this case. In particular, the plaintiff fails to: show any intervening change in controlling law; account for any new evidence; or show clear error of law or manifest injustice. Therefore, plaintiff's motion is **DENIED**. (Doc. # 73).

**IT IS SO ORDERED.**

s/ Terry L. Wooten
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT COURT JUDGE**

September 18, 2012
Florence, South Carolina